(No. 4807.   December 24, 1927.)

P. J. PRINGLE and CLARA M. PRINGLE, His Wife,
  Respondents, v. W. R. SUMMERS, W. T. SUMMERS
  and Mrs. W. T. SUMMERS, His Wife, Appellants.

[262 Pac. 512.]

VENDOR AND PURCHASER — CONTRACT OF SALE — FRAUD OR COERCION—
  EVIDENCE—APPEAL AND ERROR—HARMLESS ERROR—JUDGMENT.

1. In action to forfeit land sale contract and for possession,
finding that defendant was not procured to enter into said agree-
ment by fraud and was not compelled or coerced *held* sustained
by evidence.

2. Where, under pleadings in action to forfeit land sale con-
tract and for possession, plaintiff was entitled to forfeit contract,
defendant cannot complain that instead of judgment for immedi-
ate possession court gave him thirty days in which to perform
contract and receive deed, rather than be ousted.

APPEAL from the District Court of the Eleventh Judi-
cial District, for Twin Falls County, Hon. Wm. A. Babcock,
Judge.

Action to forfeit land sale contract and for possession.
Judgment for plaintiffs. *Affirmed.*

Porter & Witham, for Appellants.

Where at the same time a deed is given and an agreement
of sale taken back, and there is no change of possession,
and there is an existing indebtedness which is not canceled
and it is the intention of both parties that security be
afforded for such indebtedness, then the court will declare
the transaction an equitable mortgage. (*Clinton v. Utah
Construction Co.*, 40 Ida. 659, 237 Pac. 427; C. S., sec. 6358;
*Kelley v. Leachman*, 3 Ida. 392, 29 Pac. 849; *Johansen v.*

Publisher's Note.
  See Appeal and Error, 4 C. J., sec. 2892, p. 922, n. 71.
  Vendor and Purchaser, 39 Cyc., p. 1398, n. 15.

*Looney,* 31 Ida. 754, 176 Pac. 778; *Bergen v. Johnson,* 21 Ida. 619, 123 Pac. 484.)

An equitable mortgage can only be foreclosed in the manner provided by statute. (*Kelley v. Leachman, supra; Machold v. Farnan,* 20 Ida. 80, 117 Pac. 408; C. S., secs. 6949, 6952.)

The pleadings in the instant case, in any event, will not sustain a judgment of strict foreclosure. (*Blue v. Blue,* 92 W. Va. 574, 30 A. L. R. 1169, and note, 116 S. E. 134.)

Walters & Parry, for Respondents.

Party claiming deed to be a mortgage must show by clear and convincing evidence (1) that it was the intention of the parties that the transaction be a mortgage; and (2) that after the transaction there remained a debt, personal in its nature and enforceable against the party independent of the security. (*Clinton v. Utah Construction Co.,* 40 Ida. 659, 237 Pac. 427; *Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90.)

Matters not pleaded in action are not in issue. (*Peoples v. Whitworth,* 41 Ida. 225, 238 Pac. 306.)

Findings by the trial court upon conflicting evidence will not be disturbed where there is evidence to sustain the finding.

TAYLOR, J.—Plaintiffs, respondents, brought this action in its original form alleging a written contract, made in April, 1924, to sell the premises involved to defendant W. R. Summers; his failure to make payments according to the terms thereof; and service of a notice of forfeiture under an option therein; and asked restitution of the premises, and damages for their detention. The plurality of the parties is immaterial. We will use the terms "plaintiff" and "defendant," referring to P. J. Pringle and W. R. Summers, respectively.

Defendant admitted the execution of the agreement, but alleged as an affirmative defense that he had been in possession of the premises for many years; that as owner, in

1917, he executed a mortgage thereon to plaintiff in the sum of $1,250, due in one year; that upon December 9, 1922, the taxes having been delinquent, and the land theretofore sold to Twin Falls county was then sold at auction; that by agreement with plaintiff the defendant bid and paid $251.36, the amount of the taxes, and the deed was taken in plaintiff's name, and plaintiff agreed to give him a deed and take a new mortgage, but that plaintiff's wife refused to sign such deed; that plaintiff then threatened to foreclose the mortgage, and forced defendant to execute the contract by threats and representations made for the purpose of deceiving him and securing an unfair advantage; and that the property is worth the sum of $2,500, more than twice the value of the mortgage and interest. Defendant prayed judgment that plaintiff's complaint be dismissed; that the contract be declared null and void, and that the deed held by plaintiff be declared to be a mortgage; and for costs.

It developed in the evidence that after the time of the tax deed, and at the date of the contract, defendant gave plaintiff a quitclaim deed. After the trial, plaintiff asked leave and was permitted to amend the complaint "to conform to the proofs" by adding a new paragraph, reciting, in the alternative, "that if the said agreement . . . . be construed to be a mortgage," then there was due plaintiff the principal sum named in the contract and taxes paid by plaintiff since, and interest; a failure to pay; that at the time of the agreement, defendant had given plaintiff a quitclaim deed to the premises, and that defendant had had already more than a year of redemption, and by reason thereof plaintiff was entitled to a strict foreclosure of the contract. He amended the prayer by adding an alternative prayer for judgment for all the amounts claimed, foreclosure sale and a deficiency judgment in case of deficiency.

The court found:

"That the defendant W. R. Summers was not procured to enter into the said agreement Plaintiffs' Exhibit 'A' by any fraud or fraudulent representations of any kind or

character whatever, nor was he compelled or coerced in any way by means of any duress or coercion of any kind whatsoever, and that the said written agreement contains the entire and complete agreement of the parties entered into at the time'';

—that defendant had failed to make the payments provided by the contract, and fixed the amount of the total due under the contract to entitle defendant to a deed, and entered a judgment of so-called strict foreclosure of the contract, giving the defendant thirty days in which to pay this amount and receive a deed; in default of which plaintiff was to have the premises and possession thereof. The appeal is from this judgment.

Appellant complains of the above-quoted finding as error, and contends:

''That the evidence is insufficient to sustain Finding of Fact No. 7, and to sustain the judgment entered in this case, for the reason that the evidence is direct and uncontradicted that the transactions involved constituted security for a debt in the nature of an equitable mortgage, which could only be foreclosed in the manner provided by statute.''

He cites also as error the conclusions ''that after the agreement of April 12th, 1924, the debt due from the defendant W. R. Summers to the plaintiff was no longer a personal debt of the said defendant,'' and ''that the plaintiffs are entitled to a strict foreclosure herein, and that the defendants be given thirty days'' to make payment as decreed.

The only instrument which defendant pleaded to have been in its nature a mortgage was the tax deed which he alleges was such in effect by reason of the agreement under which it was taken. While there is considerable evidence of an agreement, at the time of the tax sale, that plaintiff was to give defendant a warranty deed, and defendant to give back a mortgage, this agreement was plainly shown to have been afterward waived by both parties.

Defendant knew when he drew his answer that he had given a quitclaim deed; yet he nowhere mentioned it, or made any allegation that it was given or intended as security, either alone or with the contract. This quitclaim deed was not offered in evidence, but was conceded to have been given. There is thus no allegation or evidence on which to base any finding that it was other than its name would imply.

As to the contract, he alleges that to have been fraudulently secured, makes no allegation that it was, with or without the quitclaim deed, intended as security, and asks that it be declared void. He wholly failed to establish fraud or duress, and argues no assignment of error in relation thereto.

[1] To have held that the "transactions involved constituted security for a debt" would have been to hold that the quitclaim deed and contract constituted such security in the absence of any allegation thereof, and without the deed being in evidence, and in the face of an allegation that the contract was void.

The finding is amply supported by the evidence, and with this finding the conclusions complained of are not erroneous.

Appellant further contends:

"That the pleadings will not sustain the judgment of strict foreclosure, for the reason that under the original complaint the only question involved was the right of possession and the only relief that could have been granted was restitution of the premises; and under the amendments the matter is set out as a mortgage and the prayer is for a general foreclosure and sale."

[2] "The matter" was not by plaintiff's amendments "set out as a mortgage," but pleaded, "if the said agreement . . . . be construed to be a mortgage." No point is made of the propriety of the amendment. Under the pleadings as they stood, the plaintiff was entitled to forfeit the contract; and defendant is in no position to complain that, instead of a judgment against him for immediate possession

of the premises, the court gave him thirty days in which to perform his contract and receive a deed, rather than be ousted.

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.